John C. Uyamadu, Attorney ID: 017142004
John C. Uyamadu LLC
2 Ridgedale Avenue, Suite 355
Cedar Knolls, NJ 07927
Phone: (855) 722-5110
Fax: (800) 630-3816
*Attorney(s) for Plaintiffs, G50 Production, Inc. and Nnanna Okoro*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| G50 PRODUCTION, INC., 141 COIT STREET, LLC and CHARLES NNANNA OKORO a/k/a NNANNA OKORO, <br><br> Plaintiffs, <br><br> vs. <br><br> IRVINGTON TOWNSHIP, JOHN SOWELL (Zoning Officer), DERRICK JAMES (Former Zoning Officer), IRVINGTON TOWNSHIP POLICE DEPARTMENT, OFFICER OWENS (Badge #436), OFFICER SHAWN STEWART (Badge #538), OFFICER RAMIRO RODRIGUEZ (Badge #345), JOHN DOES 1-30, JANE DOES 1-30, ABC COMPANY 1-10, XYZ GOVERNMENT AGENCY 1-10, <br><br> Defendants. | Case No.: <br><br><br> **COMPLAINT SEEKING DECLARATORY JUDGMENT AND DAMAGES WITH DEMAND FOR JURY TRIAL** |

G50 Production, Inc., 141 Coit Street, LLC, and Charles Okoro a/k/a Nnanna Okoro (hereinafter "Plaintiffs"), with business location at 137-141 Coit Street or 1138 Grove Street, Irvington, New Jersey 07111 (hereinafter "Plaintiffs") bring this civil action seeking declaratory judgment and damages for various violations of their rights and guarantees under the United States Constitution, Federal Statutory provisions, and violations of Plaintiffs' Rights under some State and Municipal Laws.

<u>PRELIMINARY STATEMENT AND FACTUAL ALLEGATIONS</u>

1.      In approximately 2013, Plaintiffs purchased the real estate known as 137-141 Coit Street/1138 Grove Street, Irvington, New Jersey 07111 (hereinafter "Property").

2.      In approximately 2014, Plaintiffs applied for a three-use permit and zoning for the property, intending to use the property as (i) Office Spaces, (ii) Bottled Water Production Company, and (iii) a Banquet Hall or Event Center.

3.      On the recommendation of the Township Engineer, John A. Wiggins, P.E., the Township Zoning Board denied the application for a three-use permit and zoning, because the law prohibits "more than one primary use and one accessory use", therefore that to use the property for the uses proposed, Plaintiffs would need a use variance, otherwise, Plaintiff must apply for one use permit only. **The engineering report dated August 18, 2014, and the cover letter dated August 25, 2014 from Derinda Francis, the board secretary, forwarding the report to Plaintiff is attached as EXHIBIT A.**

4.      The Report from the Engineering Department, authored by John A. Wiggins, P.E., on paragraph C on page 1, stated that "The property is currently zoned M-1, Special Industrial Manufacturing District and is a part of the MUOD-1 redevelopment zone.  In reviewing the uses proposed, **the banquet is a permitted use in both the M-1 and MUOD-1 zones**, the office use is a permitted use in the M-1 zone but not in the MUOD-1 zone and the water botting facility is not a permitted use in either the M-1 and MUOD-1 zones.  Therefore, use variance for these uses will be required…" **See EXHIBIT A** (*emphasis added*)**.**

5.      In approximately 2015, Plaintiffs applied for a one-use permit and zoning for bottled water production only, and was approved in 2016.

6.    Between 2016 and 2017, Plaintiffs operated a bottled water production company on the property but same was not profitable.

7.    In approximately 2017, Plaintiffs applied to change the use of the property from a bottled water company to an event center use only, and same was approved.

8.    As a condition for granting permit and zoning for use of the property as a banquet hall, Irvington Township required Plaintiffs to take down and remove all the bottled water production machines and equipments from the property, reconstruct the property to meet the municipal code requirements for operating a banquet hall or an event hall, which Plaintiffs did at great financial costs.

9.    Plaintiffs followed every directive from Irvington Township, complied with all the requirements and, in 2017, was granted a one-use permit and zoning to operate an "Event Center for Social Activities (137 Coit St. Ist Floor Level, Irvington, NJ 07111)." **A copy of the zoning permit applied for on April 20, 2017 and approved and issued on April 28, 2017 is attached as EXHIBIT B.**

10.    On approximately September 20, 2017, Irvington Township issued to Plaintiff a Certificate of Continued Occupancy ("CCO") to use the 137-141 Coit Street aka 1138 Grove Street, Irvington, NJ 0711 property as an Event Center. **A copy of the CCO is attached as EXHIBIT C.**

11.    Between 2017 and 2019, the banquet hall or event hall became very popular and very successful and was making approximately $300,000.00 (Three hundred thousand dollars) net revenue per year.

12.    Plaintiffs paid to Irvington Township each year to renew the permits for the banquet hall or event center operation and were always renewed without any problems, including

for the year 2023.

13.     In 2020, the Coronavirus Disease of 2019 ("COVID-19") broke and with the restrictions in indoor gatherings, the banquet hall recorded a net loss in 2020 fiscal year.

14.     In 2021, with the lifting of the COVID-19 restrictions and availability of COVID-19 vaccines, business started booming and the banquet hall made approximately $350,000.00 (Three hundred fifty thousand dollars) net profit each year in 2021 and 2022.

15.     Plaintiffs do not sell or serve alcohol beverages at the event center, however, plaintiffs notified anyone wishing to rent the event center that alcohol would only be served by the renter if ABC Permit is provided.

16.     In approximately October 2021, Irvington Police arrested plaintiff, Nnanna Okoro, on the allegation that plaintiff showed the officer(s) a forged ABC Permit provided by a person renting the event hall that night.

17.     Defendants referred the matter to the Essex County Prosecutor's Office to prosecute Plaintiff for possessing a forged ABC Permit.

18.     Plaintiff was charged to court and on February 18, 2022, on the excellent legal defense provided by Joseph D. Rotella, Esq., the charges were dismissed for lack of probable cause. **Letter Brief from plaintiff's defense lawyer, Joseph D. Rotella, Esq., dated February 22, 2022, and addressed to the Essex County Prosecutor's Office, detailing the facts of the case and plaintiff's innocence are attached here as EXHIBIT D.**

19.     On February 18, 2022, the charges against Plaintiff were dismissed by the Prosecutor for lack of probable cause. **See a one-page letter from Joseph D. Rotella, Esq. to plaintiff dated February 22, 2022 and attached here as EXHIBIT E**.

20.     In approximately 2021, Plaintiffs purchased a liquor license using Mr. Charles Nnanna Okoro's residential address.

21.     Shortly after purchasing a liquor license, Plaintiffs applied to transfer the liquor license from Mr. Okoro's residential address to the event center at 137-141 Coit Street/1138 Grove Street, Irvington, New Jersey 07111.

22.     On December 8, 2022, Irvington Health Department inspected the event hall and issued a certificate of Satisfactory Sanitary Inspection Report to Plaintiff for the event center. **A copy of the Satisfactory Sanitary Inspection Report is attached as EXHIBIT F.**

23.     On December 28, 2022, Irvington Township Health Department issued renewal Certificate of Safe Food Handling to plaintiff.  **A copy of the Certificate of Safe Food Handling is attached as EXHIBIT G.**

24.     On January 11, 2023, Irvington Township accepted $333.00 and $1,067.00 from Plaintiff and issued a license for running a Retail Food Establishment and the banquet hall (Live Entertainment) for the year 2023.  **A copy of the payment receipt, cancelled check, and the 2023 license are attached as EXHIBIT H.**

25.     On March 21, 2023, the Zoning Board of Adjustment of Irvington Township, *sua sponte* adopted a resolution to withdraw plaintiff's application to place a liquor license at 137-141 Coit Street/1138 Grove Street, property without prejudice not at the applicant's request, but because the Board erroneously required plaintiff to amend the application to seek a D(1) use variance (to ask for zoning permit), despite the property already having the Zoning Permit and Certificate of Occupancy. **A copy of the Board Resolution is attached as EHIXBIT I.**

26.     On May 16, 2023, Irvington Township Attorney issued a notice of hearing on

plaintiffs' application to transfer a liquor license to 137-141 Coit Street/1138 Grove Street, Irvington, New Jersey 07111.

27. Plaintiff's application to transfer liquor license to the banquet hall property was denied on the same day that Plaintiff received the notice of hearing, May 16, 2023, without any opportunity for plaintiffs to fully participate in the hearing.

28. As part of the basis for the denial of the application for liquor license to be transferred to the property, Irvington Township provided Plaintiffs with a December 2, 2022 memo from Seargent Ramiro Rodriguez with Badge Number 345 to The Planning Board, Zoning Board, opposing Plaintiff's application to transfer a liquor license to the property. **A copy of the memo is attached as EXHIBIT J.**

29. In the early morning of July 1, 2023, at approximately 12:30 a.m., while a client of Plaintiffs who rented the event center was celebrating her child's first birthday and christening party in the event center, Irvington Police Officer, Sergeant Owens with Badge Number 436, showed up unannounced and the event center.

30. At the time of shutting down the Plaintiff's Event Hall, Irvington Police Officer Shawn Stewart with Badge Number 538, issued a summons and citation to Plaintiffs alleging that Plaintiffs broke the law by permitting "an event at 137-141 Coit Street, without being duly licensed for such purpose." **A copy of the Summons/Citation is attached as EXHIBIT K.**

31. Shutting down Plaintiff's event center business has nothing to do with serving alcohol as no alcohol was served when it was shut down, but only based on an allegation that it was an unlicensed public dance hall.

32. There was no Cease-and-Desist notice, no citation, and no warning issued by

Irvington Township or Irvington Police Department to Plaintiffs prior to shutting down Plaintiffs' event center or event hall on July 1, 2023.

33.    Mr. Okoro continued to reach out to Irvington Township, inquiring to find out why his event center was shut down, noting that his permit to operate the event center issued in 2017 has been renewed yearly including in 2023. Yet, no justification was provided to Plaintiff, other than that there was no permit for the vent center.

34.    On approximately July 5, 2023, Plaintiff spoke with Seargeant Owens to understand the reason he shut down the event center on July 1, 2023, and was told by Seargent Owens that John Sowell, Irvington Zoning Officer, was the one that instructed Seargent Owens to shut down Plaintiff's event center.

35.    On July 7, 2023, Plaintiff spoke with John Sowell, Zoning Officer for Irvington Township, and asked him the reason for shutting down the event center.  John Sowell, at this time, printed and handed over to Plaintiff, Mr. Okoro, a Notice to Cease and Desist dated same date, July 7, 2023, and barring any further use or rental of the event center at 137-141 Coit Street/1138 Grove Street, Irvington, NJ 07111.  **A copy of the Notice to Cease and Desist is attached as EXHIBIT L.**

36.    The Notice of Cease and Desist issued to Plaintiff on July 7, 2023 stated that Plaintiff's application to operate an event center was denied in 2014.  **See EXHIBIT L.**

37.    It is noteworthy that this Cease-and-Desist notice of July 7, 2023 was issued one week after Plaintiffs' event center was shut down and prevented from being used as an event center.

38.    On approximately July 13, 2023, Plaintiff, through Counsel (Day Pitney LLP)

wrote to Irvington Township letting it know that it was improper to shut down Plaintiffs' event center since July 1, 2023, and demanding an explanation. **A copy of this letter is attached here as EXHIBIT M.**

39.    On approximately July 25, 2023, Irvington Township Attorney, Eric Bernstein, Esq., wrote to Plaintiff, in response to the letter from Day Pitney LLP, stating that the use of the property as a banquet hall was an unapproved use of the property.  The attorney went further to state that the Irvington Township Engineer, John A. Wiggins, P.E., was wrong to state in his 2014 report that a banquet hall is consistent with the zonings, and that Irvington Township Zoning Officer, Derrick James, was wrong in issuing a permit to Plaintiffs in 2017 to operate a banquet hall or event center.  **A copy of this letter is attached as EXHIBIT N.**

40.    Irvington Township's citation to plaintiffs on July 1, 2023 for unapproved use of the property as a banquet hall was dismissed by the Irvington Township Municipal Court for lack of foundation for the citation.  The Court found that Plaintiffs had a license to operate the banquet hall from 2017 through 2023, and had an active license to operate the banquet hall on the date it was shut down, July 1, 2023.

41.    From January 2023 through June 30, 2023, the Plaintiffs made approximately $150,000.00 (One hundred fifty thousand dollars) in net revenue, prior to being shut down on July 1, 2023.

42.     On October 15, 2023, Township of Irvington issued a citation against Nnanna Okoro on an allegation that Mr. Okoro was operating 137-141 Coit Street, Irvington, New Jersey, without a Certificate of Occupancy.  **A copy of the citation attached as EXHIBIT O.**

43.    The citation issued by Shawn Stewart, Badge Number 0538, to Plaintiff for

"Permitting dancing in unlicensed public dance hall" was dismissed on December 13, 2023 on prosecutorial discretion because plaintiff introduced in court the Zoning Permit issued on April 28, 2017 by Irvington Township for 141 Coit Street LLC to use the first floor of 137 Coit Street, Irvington, NJ 07111 as an Event Center for Social Activities. **A copy of the Zoning Permit is attached as EXHIBIT B; and a copy of the court disposition of the July 1, 2023 citation is attached as EXHIBIT P.**

44.     While plaintiff was still defending the citation issued by defendants on July 1, 2023 for allegedly permitting dancing in unlicensed public dance hall, defendants issued a new citation against plaintiff on October 15, 2023 for allegedly operating 141 Coit Street, Irvington, NJ 07111 without a Certificate of Occupancy.  The narrative on the citation stated that "Within the jurisdiction of this court, remained open after being advised on June 7, 2023 to remain permanently shut down." **See EXHIBIT O; Cross reference with a copy of the Certificate of Continued Occupancy attached as EXHIBIT C.**

45.     The October 15, 2023 citation for failure to have a Certificate of Occupancy was dismissed by the court on April 17, 2024 because plaintiff showed proof of his Certificate of Continued Occupancy issued by Irvington Township to 141 Coit Street LLC on September 20, 2017.  **A copy of the Case Disposition dated April 17, 2024 is attached as EXHIBIT Q.**

46.     Plaintiff served a Notice of Tort Claim on the Irvington Township with a cover letter dated March 14. 2024.  **A copy of the Notice of Tort Claim with cover letter dated March 19, 2024 is attached as EXHBIT R.**

47.     A signature card signed by Irvington Township upon receipt of the Notice of Tort Claim is attached.  **A copy of the signed signatured card is attached as EXHIBIT S.**

48.    There are approximately Twenty (20) similar facilities located within two (2) miles from 137-141 Coit Street/1138 Grove Street, Irvington, New Jersey, which are used as event centers and were not shut down when Plaintiffs' event center was shut down.

JURISDICTION

49.    Jurisdiction is conferred upon this court by the First, Fourth, Fifth, and Fourteenth Amendments of the Constitution of the United States, and 42 U.S.C. § 1983 which provides original jurisdiction for Plaintiff's Claims.

50.    This Court has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367.

51.    The amount in controversy exceeds One Hundred Fifty Thousand dollars ($150,000.00).

VENUE

52.    The unlawful acts described herein took place and continued to take place within Irvington Township, Essex County, State of New Jersey, which is within the Jurisdiction of the United States District Court for the District of New Jersey, and the defendants are residents and governmental entities resident within the jurisdictional limits.

53.    Accordingly, the venue in this Court is proper under 28 U.S.C. § 1391 (b) and (c).

THE PARTIES

54.    Plaintiff G50 Production, Inc. is the owner and operator of the event center at 137-141 Coit Street/1138 Grove Street, Irvington, NJ 07111.

55.    Plaintiff 141 Coit LLC is the record owner of the property where G50 Production, Inc. operated an event center.

56.     Plaintiff Charles Nnanna Okoro a/k/a Nnanna Okoro is the Registered Agent and Owner of G50 Production, Inc., and 141 Coit LLC.

57.     Defendant Irvington Township is a Municipality within New Jersey, United States.

58.     Defendant Irvington Township Police Department is a governmental agency under the control of Irvington Township.

59.     Defendants Officer Owens Badge Number 436, Officer Shawn Stewart Badge Number 538 and Officer Ramiro Rodriguez Badge Number 345 are all employees of the Irvington Township Police Department.

60.     Defendant John Sowell is a Zoning Officer and employee of Irvington Township.

61.     Defendant Derrick James is a former employee of Irvington Township who was the zoning officer when plaintiffs were issued a permit for an event center in 2017.

62.     Defendants John Does 1-30 are fictitious male individuals working for or representing Irvington Township but whose real identities are not known currently.

63.     Defendants Jane Does 1-30 are fictitious female individuals working for or representing Irvington Township but whose real identities are not known currently.

64.     Defendant ABC Company 1-10 are fictitious governmental entities but whose real identities are not known currently.

65.     Defendant XYZ Government Agency 1-10 are fictitious governmental agencies but whose real identities are not known currently.

### FIRST COUNT

### DECLARATORY JUDGMENT

66.     Plaintiffs repeat the allegations from paragraphs 1 through 65 as though fully set forth herein.

67.     Plaintiffs seek relief under the Declaratory Judgment Act, 28 U.S.C. §§2201 AND 2202.

68.     The Act allows parties to sue for a judicial declaration to adjudicate and settle the rights and obligations of the parties.

69.     Plaintiffs seek a declaration by this Court that on the early morning of July 1, 2023, at approximately 12:30 a.m., while a client of Plaintiffs who rented the event center was celebrating her child's first birthday and christening party in the banquet hall, that Irvington Police Officer, Sergeant Owens with Badge Number 436, shut down the birthday party and prohibit any further rental of the banquet hall without a prior notice to the plaintiffs and without a prior opportunity for plaintiffs to be heard.

WHEREFORE, Plaintiffs demand judgment against Defendants:

A.      Declare that Defendants deprived Plaintiffs of the use of their event (banquet) hall on July 1, 2023 without prior notice and hearing.

B.      Awarding actual damages

C.      Awarding costs of this action together with reasonable attorney's fees.

D.      Awarding such other and further relief as the Court deems just, proper and equitable under the circumstances.

**SECOND COUNT**

**VIOLATION OF PLAINTIFFS' PROCEDURAL DUE PROCESS RIGHTS UNDER THE FIFTH AND THE FOURTEENTH AMENDMENTS, AND 42 U.S.C. § 1983 BY DEFENDANTS.**

70.     Plaintiffs repeat the allegations from paragraphs 1 through 69 as though fully set forth herein.

Case 2:25-cv-02347-ES-JSA    Document 1    Filed 04/07/25    Page 13 of 31 PageID: 13

71.    In the early morning of July 1, 2023, at approximately 12:30 a.m., while a client of Plaintiffs who rented the event center was celebrating her child's first birthday and christening party in the banquet hall, that Irvington Police Officer, Sergeant Owens with Badge Number 436, acting under the color of authority as an agent and employee of Irvington Township did at that place and time shut down plaintiffs' event center and prevented any further use of the event center without proper due process.

72.    Plaintiffs were never given any advance notice that their event center would suddenly be shut down on this date and time.

73.    Plaintiffs were never given any opportunity to be heard prior to shutting down their event center on this date and time.

74.    As a result of this shutdown of plaintiffs' event center, and preventing plaintiffs from using the event center, without any notice and hearing, defendants denied plaintiffs their procedural rights under the United States Constitution.

75.    As a direct and proximate result of the actions of the Defendants, Plaintiffs are losing an average of $25,000.00 per month net revenue, plus other economic losses and emotional distress.

WHEREFORE, Plaintiffs demand judgment against Defendants:

A.  Awarding actual damages

B.  Awarding costs of this action together with reasonable attorney's fees.

C.  Awarding such other and further relief as the Court deems just, proper and equitable under the circumstances.

## THIRD COUNT

**VIOLATION OF PLAINTIFFS' SUBSTANTIVE DUE PROCESS RIGHTS UNDER THE FIFTH AND THE FOURTEENTH AMENDMENTS, AND 42 U.S.C. § 1983  BY DEFENDANTS.**

76.     Plaintiffs repeat the allegations from paragraphs 1 through 75 as though fully set forth herein.

77.      Since July 1, 2023 through present date, defendants are continuously depriving plaintiffs of their rights to use their property as an event center, which was duly approved by the Irvington Township, and continuously harass plaintiffs through unfounded citations and quasi criminal prosecutions.

78.      As a result of the facts alleged herein, Plaintiffs were denied their substantive rights under the United States Constitution.

79.     As a direct and proximate result of the actions of the Defendants, Plaintiffs are losing an average of $25,000.00 per month net revenue, plus other economic losses and emotional distress.

 WHEREFORE, Plaintiffs demand judgment against Defendants:

A.     Awarding Compensatory Damages, to include past current and future economic losses, emotional distress, and other damages.

B.     Awarding costs of this action together with reasonable attorney's fees.

C.     Awarding such other and further relief as the Court deems just, proper and equitable under the circumstances.

## FOURTH COUNT

### FALSE ARREST UNDER 42 U.S.C. § 1983.

80.    Plaintiffs repeat the allegations from paragraphs 1 through 79 as though fully set forth herein.

81.    In approximately October 2021, acting under the color of law, Irvington Police without a probable cause arrested plaintiff, Nnanna Okoro, on the allegation that plaintiff showed the officer(s) a forge ABC Permit provided by a person renting the event hall that night.

82.    Defendants referred the matter to the Essex County Prosecutor's Office to prosecute Plaintiff for possessing a forged ABC Permit.

83.    Defendants knew that the arrest of plaintiff for the alleged unlawful possession of forged ABC Permit procured by a third party were unwarranted and without probable cause. However, defendants moved ahead to infringe on plaintiff's U.S. Constitutional Rights protected under the Fourth, Fifth, and Fourteenth Amendments.

84.    These actions by the defendants were because of policies, practices, and customs of Irvington Township and Irvington Police Department.

85.    As a result of this false arrest and malicious prosecution, plaintiff was made to expend large amounts of money to hire a good lawyer to defend him against the unwarranted arrest,  and plaintiff was made to suffer emotional distress and other economic losses.

WHEREFORE, Plaintiffs demand judgment against Defendants:

A.  Awarding Compensatory damages.

B.  Awarding actual damages.

C.  Awarding costs of this action together with reasonable attorney's fees.

D.  Awarding such other and further relief as the Court deems just, proper and equitable under the circumstances.

## FIFTH COUNT

### MALICIOUS PROSECUTIONS OF PLAINTIFF, NNANNA OKORO, IN VIOLATION OF THE FOURTH, FIFTH AND FOURTEENTH AMENDMENT, AND 42 U.S.C. § 1983.

86.    Plaintiffs repeat the allegations from paragraphs 1 through 85 as though fully set forth herein.

87.    In approximately October 2021, acting under the color of law, Irvington Police without a probable cause arrested plaintiff, Nnanna Okoro, on the allegation that plaintiff showed the officer(s) a forge ABC Permit provided by a person renting the event hall that night.

88.    Defendants referred the matter to the Essex County Prosecutor's Office to prosecute Plaintiff for possessing a forged ABC Permit.

89.    Plaintiff was charged to court, and he had to retain an attorney at a huge expense to represent himself in defending the criminal charge against him.

90.    On February 18, 2022, the charges against Plaintiff were dismissed by the Prosecutor for lack of probable cause.

91.    In the early morning of July 1, 2023, at approximately 12:30 a.m., Irvington Police Officer, Sergeant Owens with Badge Number 436, shut down a 1-year-old birthday party and christening and shutdown plaintiff's banquet hall.

92.    During the shutdown of July 1, 2023,  Irvington Police Officer Shawn Stewart with Badge Number 538, issued a summons and citation to Plaintiffs alleging that Plaintiffs broke the law by permitting "an event at 141 Coit Street, without being duly licensed for such purpose."

93.    Defendants prosecuted plaintiff in court for this July 1, 2023 citation.  Irvington

Township Municipal Court dismissed the case when plaintiff showed that he has a Certificate of Continuing Occupancy, and a Zoning Permit to operate an event center on the first floor of the property.

94.     While plaintiff was still defending the citation issued by defendants on July 1, 2023 for allegedly permitting dancing in unlicensed public dance hall, defendants issued a new citation against plaintiff on October 15, 2023 for allegedly operating 141 Coit Street, Irvington, NJ 07111 without a Certificate of Occupancy.  The narrative on the citation stated that "Within the jurisdiction of this court, remained open after being advised on June 7, 2023 to remain permanently shutdown."

95.     Defendant prosecuted plaintiff in Court for this October 15, 2023 citation for failure to have a Certificate of Occupancy.

96.     The Court dismissed this charge against plaintiff on April 17, 2024 because plaintiff showed proof of his Certificate of Continued Occupancy issued by Irvington Township to 141 Coit Street LLC on September 20, 2017.

97.     The prosecutions of plaintiff by the defendants for unwarranted arrest in October 2021 done without probable cause, the unfounded issuance of citation against plaintiff on July 1, 2024 for allegedly permitting "an event at 141 Coit Street, without being duly licensed for such purpose;" and the unfounded issuance of citation against plaintiff on October 15, 2023 for allegedly operating the property at 141 Coit Street, Irvington, New Jersey, are all maliciously done.

98.     Defendants knew that these enumerated prosecutions of plaintiff were unwarranted and without probable cause.  However, defendants moved ahead to infringe on

plaintiff's U.S. Constitutional Rights protected under the Fourth, Fifth, and Fourteenth Amendments.

99. These actions by the defendants were because of policies, practices, and customs of Irvington Township and Irvington Police Department.

100. These malicious prosecutions deprived and continue to deprive plaintiff of his liberty.

101. As a result of these malicious prosecutions, plaintiff was made to expend large amounts of money to hire good lawyers to defend him against the unlawful prosecutions, and plaintiff was made to suffer emotional distress and other economic losses.

WHEREFORE, Plaintiffs demand judgment against Defendants:

A. Awarding Compensatory damages.

B. Awarding actual damages.

C. Awarding costs of this action together with reasonable attorney's fees.

D. Awarding such other and further relief as the Court deems just, proper and equitable under the circumstances.

## SIXTH COUNT

### CONSPIRACY BY DEFENDANTS TO VIOLATE PLAINTIFFS' CIVIL RIGHTS IN VIOLATION OF 42 U.S.C. § 1983.

102. Plaintiffs repeat the allegations from paragraphs 1 through 101 as though fully set forth herein.

103. Plaintiffs followed the law and the directives of the Irvington Township Engineer and Code Officer in applying for zoning permits, approvals, and building out their business premises to the specifications of the Township.

104. Plaintiffs obtained all the paperwork required by defendants and were conducting lawful business operating a banquet hall and renewing all their permits annually as required by defendants.

105. In 2021, plaintiff purchased a liquor license, applied for a permit to be allowed to transfer the liquor license to their business premises, and suddenly the conspiracy to destroy plaintiffs' business and economic advantage started.

106. First, plaintiffs received notice of a hearing on their application to transfer liquor license on the same date that the hearing took place, which was likely done to ensure that plaintiffs would not attend the hearing, and a hasty decision was issued denying the application.

107. Plaintiff respected the denial of their application to transfer liquor license, and yet, suddenly and without any reason, in the dead of the night at approximately 12:30am on July 1, 2024, while a client of Plaintiffs was celebrating her child's first birthday and christening party in the banquet hall, Irvington Police Officer, Sergeant Owens with Badge Number 436, showed up unannounced and shut down the birthday party and the banquet hall.

108. At the time of shutting down the Plaintiff's Event Hall, Irvington Police Officer Shawn Stewart with Badge Number 538, issued a summons and citation to Plaintiffs alleging that Plaintiffs broke the law by permitting "an event at 141 Coit Street, without being duly licensed for such purpose."

109. On approximately July 5, 2023, Plaintiff spoke with Seargeant Owens in the efforts to understand why the banquet hall was shut down on July 1, 2023, and was told by Seargent Owens that John Sowell, Irvington Zoning Officer, was the one that instructed Seargent Owens to shut down Plaintiff's banquet hall.

110.    On July 7, 2023, Plaintiff spoke with John Sowell, Zoning Officer for Irvington Township, and asked him the reason for instructing Seargent Owens to shut down Plaintiffs' banquet hall.  John Sowell, at this time, for the very first time, printed and handed over to Plaintiff a Notice to Cease and Desist by Friday, dated July 14, 2023 operating an unauthorized, illegal "Event Center/Rental Hall in an M-I District at 1138 Grove Street, AKA 141 Coit Street, Block 222, Lot 5.

111.    Suddenly, the Defendants started to consciously but maliciously back up their unlawful infringements upon plaintiffs' rights by issuing a cease-and-desist letter one week after shutting down the event hall that the cease-and-desist letter of July 7, 2023 was supposed to provide notice of the intended shutdown.

112.    Suddenly, the zoning permit that was issued to plaintiffs on April 28, 2017 by Zoning Officer Derrick James was suddenly invalidated in 2023, and Derrick James' employment at Irvington Township was terminated under a suspicious circumstances, the opinion of Irvington Township Engineer, John A. Wiggins, P.E., on August 18, 2014 stating that the banquet is a permitted use in M-1 and MUOD-1 zones, was overturned in 2023, and plaintiff's Event Hall suddenly because an unlawful use of the property.

113.    The arrest of plaintiff, and issuance of three citations despite lack of any basis whatsoever for the arrest or to the citations, are another conspiratorial actions by the defendants.

114.    Upon information and belief, it is the custom, policy, and practice of Irvington Township and the Irvington Township Police Department to cause unlawful disruption of successful businesses owned and operated in by those perceived as Immigrants.

115.    Defendants conspired to violate Plaintiff's civil rights as set forth in this

complaint.  As a direct and proximate result of the actions of Defendants, Plaintiff's business was shut down at a great loss to plaintiff.  The event center was making a net revenue of $25,000.00 per month at the time it was shut down.

116.    Plaintiffs have expended money, including attorney fees, in defense of all the malicious charges brought against them by the plaintiff.

WHEREFORE, Plaintiffs demand judgment against Defendants:

A.  To enter a declaratory judgment that Defendant's acts and omissions complained against in this complaint have violated and continue to violate the rights of the Plaintiffs.

B.  Awarding Compensatory damages.

C.  Awarding actual damages.

D.  Awarding costs of this action together with reasonable attorney's fees.

E.  Award punitive damages; and

F.  Awarding such other and further relief as the Court deems just, proper and equitable under the circumstances.

**SEVENTH COUNT**

**42 U.S.C. § 1983 SELECTIVE ENFORCEMENT DENIAL OF EQUAL PROTECTION RIGHTS.**

117.    Plaintiffs repeat the allegations from paragraphs 1 through 116 as though fully set forth herein.

118.    The acts of Defendants were selective enforcement of the law and municipal ordinance against Plaintiffs, by treating Plaintiffs differently from other similarly situated businesses and individuals on account of Plaintiff's Nationality or other reasons protected under the law.

119. The circumstances show that there is an element of intentional or purposeful discrimination.

120. The acts and omissions of Defendants infringed on Plaintiffs' rights under the equal protection clause of the Fourteenth Amendment under a selective enforcement theory.

WHEREFORE, Plaintiffs demand judgment against Defendants:

A. To enter a declaratory judgment that Defendant's acts and omissions complained against in this complaint have violated and continue to violate the rights of the Plaintiffs.

B. Awarding Compensatory damages.

C. Awarding actual damages.

D. Awarding costs of this action together with reasonable attorney's fees.

E. Award punitive damages; and

F. Awarding such other and further relief as the Court deems just, proper and equitable under the circumstances.

## EIGHTH COUNT

### 42 U.S.C. § 1983 CLASS-OF-ONE DENIAL OF EQUAL PROTECTION RIGHTS.

121. Plaintiffs repeat the allegations from paragraphs 1 through 120 as though fully set forth herein.

122. The acts of Defendants were selective enforcement of the law and municipal ordinance against Plaintiffs, by treating Plaintiffs differently from other similarly situated businesses and individuals on account of Plaintiff's Nationality or other reasons protected under the law.

123. The circumstances show that there is an element of intentional or purposeful discrimination.

124. The difference in treatment between Plaintiffs and similarly situated businesses and individuals has no rational basis

125. The acts and omissions of Defendants infringed on Plaintiffs' rights under the equal protection clause of the Fourteenth Amendment under a class-of-one theory.

WHEREFORE, Plaintiffs demand judgment against Defendants:

A. To enter a declaratory judgment that Defendant's acts and omissions complained against in this complaint have violated and continue to violate the rights of the Plaintiffs.

B. Awarding Compensatory damages.

C. Awarding actual damages.

D. Awarding costs of this action together with reasonable attorney's fees.

E. Award punitive damages; and

F. Awarding such other and further relief as the Court deems just, proper and equitable under the circumstances.

## NINETH COUNT

## VIOLATION OF THE FIFTH AMENDMENT TAKEN CLAUSE BY DEFENDANTS.

126. Plaintiffs repeat the allegations from paragraphs 1 through 125 as though fully set forth herein.

127.    The acts of Defendants shutting down Plaintiffs' ability to operate an Event Center at 137-141 Coit Street/1138 Grove Street, Irvington, NJ 07111, has severely restricted is a regulatory taken of the property.

128.    Defendants' action is a constructive taken of Plaintiffs' property without just compensation.

129.    Defendants' action is a regulatory taking of Plaintiffs' Property without a just compensation.

130.    As a result of Defendant's action, Plaintiffs are losing approximately $25,000.00 net revenue per month and not being compensated.

131.    The acts and omissions of Defendants infringed on Plaintiffs' rights under the taking clause of the Fifth Amendment.

WHEREFORE, Plaintiffs demand judgment against Defendants:

A.  To enter a declaratory judgment that Defendant's acts and omissions complained against in this complaint have violated and continue to violate the rights of the Plaintiffs.

B.  Awarding Compensatory damages.

C.  Awarding actual damages.

D.  Awarding costs of this action together with reasonable attorney's fees.

E.  Award punitive damages; and

F.  Awarding such other and further relief as the Court deems just, proper and equitable under the circumstances.

## TENTH COUNT

### NJCRA SLECTIVE ENFORCEMENT DENIAL OF EQUAL PROTECTION CLAIM

132. Plaintiffs repeat the allegations from paragraphs 1 through 131 as though fully set forth herein.

133. The acts and omissions of Defendants infringed on Plaintiffs' rights under N.J. Const. Art 1 Par. 1 under a selective enforcement theory.

WHEREFORE, Plaintiffs demand judgment against Defendants:

A. To enter a declaratory judgment that Defendant's acts and omissions complained against in this complaint have violated and continue to violate the rights of the Plaintiffs.

B. Awarding Compensatory damages.

C. Awarding actual damages.

D. Awarding costs of this action together with reasonable attorney's fees.

E. Award punitive damages; and

F. Awarding such other and further relief as the Court deems just, proper and equitable under the circumstances.

## ELEVENTH COUNT

### NJCRA CLASS-OF-ONE DENIAL OF EQUAL PROTECTION CLAIM

134. Plaintiffs repeat the allegations from paragraphs 1 through 133 as though fully set forth herein.

135. The acts and omissions of Defendants infringed on Plaintiffs' rights under N.J. Const. Art 1 Par. 1 under a class-of-one theory.

WHEREFORE, Plaintiffs demand judgment against Defendants jointly and severally:

A.  To enter a declaratory judgment that Defendant's acts and omissions complained against in this complaint have violated and continue to violate the rights of the Plaintiffs.

B.  Awarding Compensatory damages.

C.  Awarding actual damages.

D.  Awarding costs of this action together with reasonable attorney's fees.

E.  Award punitive damages; and

F.  Awarding such other and further relief as the Court deems just, proper and equitable under the circumstances.

## TWELVETH COUNT

## COMMON LAW FALSE ARREST AGAINST ALL DEFENDANTS

136.    Plaintiffs repeat the allegations from paragraphs 1 through 135 as though fully set forth herein.

137.    In approximately October 2021, acting under the color of law, Irvington Police without a probable cause arrested plaintiff, Nnanna Okoro, on the allegation that plaintiff showed the officer(s) a forge ABC Permit provided by a person renting the event hall that night.

138.    Defendants referred the matter to the Essex County Prosecutor's Office to prosecute Plaintiff for possessing a forged ABC Permit.

139.    Defendants knew that the arrest of plaintiff for the alleged unlawful possession of forged ABC Permit procured by a third party was unwarranted and without probable cause. However, defendants moved ahead to infringe on plaintiff's protected Common Law Rights.

140.    These actions by the defendants were because of policies, practices, and customs of Irvington Township and Irvington Police Department.

141.    As a result of this false arrest and malicious prosecution, plaintiff was made to expend large amounts of money to hire a good lawyer to defend him against the unwarranted arrest,  and plaintiff was made to suffer emotional distress and other economic losses.

WHEREFORE, Plaintiffs demand judgment against Defendants:

A.  Awarding Compensatory damages.

B.  Awarding actual damages.

C.  Awarding costs of this action together with reasonable attorney's fees.

D.  Awarding such other and further relief as the Court deems just, proper and equitable under the circumstances.

## THIRTEENTH COUNT

## COMMON LAW MALICIOUS PROSECUTION AGAINST ALL DEFENDANTS

142.    Plaintiffs repeat the allegations from paragraphs 1 through 141 as though fully set forth herein.

143.    In approximately October 2021, acting under the color of law, Irvington Police without a probable cause arrested plaintiff, Nnanna Okoro, on the allegation that plaintiff showed the officer(s) a forge ABC Permit provided by a person renting the event hall that night.

144.    Defendants referred the matter to the Essex County Prosecutor's Office to prosecute Plaintiff for possessing a forged ABC Permit.

145.    Plaintiff was charged to court, and he had to retain an attorney at a huge expense to represent himself in defending the criminal charge against him.

146.    On February 18, 2022, the charges against Plaintiff were dismissed by the Prosecutor for lack of probable cause.

147.    In the early morning of July 1, 2023, at approximately 12:30 a.m., Irvington Police Officer, Sergeant Owens with Badge Number 436, shut down a 1-year-old birthday party and christening and shutdown plaintiff's banquet hall.

148.    During the shutdown of July 1, 2023,  Irvington Police Officer Shawn Stewart with Badge Number 538, issued a summons and citation to Plaintiffs alleging that Plaintiffs broke the law by permitting "an event at 141 Coit Street, without being duly licensed for such purpose."

149.    Defendants prosecuted plaintiff in court for this July 1, 2023 citation.  Irvington Township Municipal Court dismissed the case when plaintiff showed that he has a Certificate of Continuing Occupancy, and a Zoning Permit to operate an event center on the first floor of the property.

150.    While plaintiff was still defending the citation issued by defendants on July 1, 2023 for allegedly permitting dancing in unlicensed public dance hall, defendants issued a new citation against plaintiff on October 15, 2023 for allegedly operating 141 Coit Street, Irvington, NJ 07111 without a Certificate of Occupancy.  The narrative on the citation stated that "Within the jurisdiction of this court, remained open after being advised on June 7, 2023 to remain permanently shut down."

151.    Defendant prosecuted plaintiff in Court for this October 15, 2023 citation for failure to have a Certificate of Occupancy.

152.    The Court dismissed this charge against plaintiff on April 17, 2024 because

plaintiff showed proof of his Certificate of Continued Occupancy issued by Irvington Township to 141 Coit Street LLC on September 20, 2017.

153.    The prosecutions of plaintiff by the defendants for unwarranted arrest in October 2021 done without probable cause, the unfounded issuance of citation against plaintiff on July 1, 2024 for allegedly permitting "an event at 141 Coit Street, without being duly licensed for such purpose;" and the unfounded issuance of citation against plaintiff on October 15, 2023 for allegedly operating the property at 141 Coit Street, Irvington, New Jersey, are all maliciously done.

154.    Defendants knew that these enumerated prosecutions of plaintiff were unwarranted and without probable cause.  However, defendants moved ahead to infringe on plaintiff's Common Law Rights.

155.    These actions by the defendants were because of policies, practices, and customs of Irvington Township and Irvington Police Department.

156.    These malicious prosecutions deprived and continue to deprive plaintiff of his liberty.

157.    As a result of these malicious prosecutions, plaintiff was made to expend large amounts of money to hire good lawyers to defend him against the unlawful prosecutions, and plaintiff was made to suffer emotional distress and other economic losses.

WHEREFORE, Plaintiffs demand judgment against Defendants:

A.  Awarding Compensatory damages.

B.  Awarding actual damages.

C.  Awarding costs of this action together with reasonable attorney's fees.

D.  Awarding such other and further relief as the Court deems just, proper and equitable under the circumstances.

Respectfully Submitted,

*/s/ John C. Uyamadu*

Dated: April 7, 2025

Law Offices of John C. Uyamadu
2 Ridgedale Avenue, Suite 355
Cedar Knolls, New Jersey 07927
Telephone: (855) 722-5110
Facsimile: (800) 630-3816
Email: johnu@jculawoffice.com
Copy email to paralegal@jculawoffice.com

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands the trial of this action by jury pursuant to F.R.C.P. 38.

## NOTICE REGARDING THE PRESERVATION OF ELECTRONICALLY STORED INFORMATION

The Defendants have to preserve evidence relevant to this action even without a court order.  Since electronically stored information (hereinafter "ESI") may be an irreplaceable source of discovery in this matter, the Defendants must preserve all potentially relevant ESI.  Consistent with that duty all ESI should be preserved and maintained in native format. 1) ESI from shared networks including ESI archived in the cloud, zip or external drives. 2) ESI from personal networks including ESI archived in the cloud, zip or external drives. 3) ESI from handheld devices, emails/attachments (live and archived), SMS/MMS text messages and messaging apps like WhatsApp. 4) ESI from social media like Facebook, Snapchat, Instagram, and Twitter. 5) ESI from portable electronic devices like smartphones, eternal storage devices like CDs, DVDs, external hard drives and flash drives, personal fitness devices, smart home devices and the Internet

of Things (hereinafter "IoT"). 7) The metadata for the items cited hereinabove should be preserved and not altered deleted and/or over-written.

## DESIGNATION OF TRIAL COUNSEL

Plaintiff hereby designates John Uyamadu, Esq., as trial counsel.

Respectfully Submitted,

*/s/ John C. Uyamadu*

_____  _____

Dated: April 7, 2025

Law Offices of John C. Uyamadu
2 Ridgedale Avenue, Suite 355
Cedar Knolls, New Jersey 07927
Telephone: (855) 722-5110
Facsimile: (800) 630-3816
Email: johnu@jculawoffice.com
Copy email to paralegal@jculawoffice.com

## CERTIFICATION OF OTHER PENDING ACTIONS

Pursuant to Local Civil Rule 11.2, Plaintiff hereby certifies that no similar actions are pending in any Court and is not the subject of any arbitration or administrative proceeding.

Respectfully Submitted,

*/s/ John C. Uyamadu*

_____

Dated: April 7, 2025

Law Offices of John C. Uyamadu
2 Ridgedale Avenue, Suite 355
Cedar Knolls, New Jersey 07927
Telephone: (855) 722-5110
Facsimile: (800) 630-3816
Email: johnu@jculawoffice.com
Copy email to paralegal@jculawoffice.com