# EXHIBIT A



## TOWNSHIP OF IRVINGTON
*Zoning Board of Adjustment*
**IRVINGTON MUNICIPAL BUILDING**
**CIVIC SQUARE, IRVINGTON, NJ 07111**
TEL: (973) 399-6795
FAX: (973) 399-6798
www.irvington.net

**ANTHONY VAUSS**
**MAYOR**

**DORINDA FRANCIS**
**BOARD SECRETARY**

August 25, 2014

Nnanna Okoro
149 Coit Street
Irvington, NJ 07111

Re:    ZB-14-101
       1138 Grove Street/133-141 Coit Street
       Block 222, Lots 5, 20, and 21
       Irvington, NJ 07111

Dear Mr. Okoro:

Enclosed please find a revised report from the Engineering Department in reference to the matter stated above.

If you have any questions please contact the undersigned.

Very truly yours,

Dorinda Francis

Attachment
   (1)



## TOWNSHIP OF IRVINGTON
### Division of Engineering
**IRVINGTON MUNICIPAL BUILDING
CIVIC SQUARE, IRVINGTON, NJ 07111**
TEL: (973) 399-6690
FAX: (973) 399-6798
www.irvington.net

**WAYNE SMITH
MAYOR**

**JOHN A. WIGGINS, P.E.
TOWNSHIP ENGINEER**

TO:  Dorinda Francis-McKenzie, Secretary to the Zoning Board

FROM: John A. Wiggins, P.E., P.P., Township Engineer

RE:  Zoning Board Application ZB-14-102
100 Coit Street
Block 203 Lots 2
Comments on revised plans

DATE: August 18, 2014

A revised plan set, dated 7/30/14 has been received and reviewed. My comments on the revised plans are shown in bold italics after each section.

### Submittals
1. Application
2. Plans – "Zoning Board of Adjustment Site Plan Approval Documents, New Manufacturing Building, 100 Coit Street, Irvington, New Jersey - Owner", Prepared by Richard J. Gascoyne & Associates, dated 11/17/13, consisting of 6 sheets.

### A. Existing Conditions
The property currently exists as a older, underutilized industrial building with a small parking lot on Grove Street. The lots are under common ownership and extend from Grove Street to Coit Street. The structure covers the entire lot so that there are no side or front/rear yards.
***COMMENTS: No Change***

### B. Proposed Conditions
The applicant has proposed the redevelopment of this structure into 3 separate uses. That of a banquet hall, a water bottling facility and 2 office uses. The existing parking lot will be restriped to accommodate a modified parking scheme.
***COMMENTS: No Change***

### C. Zoning Analysis
The property is currently zoned M-1, Special Industrial Manufacturing District and is a part of the MUOD-1 redevelopment zone. In reviewing the uses proposed, the banquet is a permitted use in both the M-1 and MUOD-1 zones, the office use is a permitted use in the M-1 zone but

1

not in the MUOD-1 zone and the water bottling facility is not a permitted use in either the M-1 and MUOD-1 zones. Therefore, use variances for these uses will be required. Also, Section 197.9B requires that

> *"In no case shall any lot be permitted to have more than one primary use and one accessory use."*

however, the applicant has proposed three primary uses. Additionally, variances will be required for parking, as detailed below.
**COMMENTS: *No Change***

### D. Site Details

1. Traffic and Parking
a. Parking Space Requirement
The application indicates a parking requirement of 51 spaces. I do not arrive at the same number. Referring to Section 197-33 of the General Ordinance of the Township of Irvington, I have divided the three uses for the property as follows:

1. Banquet Hall: Sec. 197-33.I requires 10 parking spaces plus 1 space for floor area for every 100 feet over 1,500 square feet. The size of the banquet hall on the plans is 108 feet x 38'-4" for a total floor area of 4,139.64 sf. for a requirement of 39 parking spaces.

2. Office Space: Section 197-33.Q requires 1 space for every 400 sf. The office space shown on the plans is 4,760 sf. for a total parking requirement of 12 spaces.

3. Industrial area: Sec. 197-33.N requires 3 parking spaces for every 5 employees on the largest shift. There was no information submitted with respect to the number of employees and that will need to be supplied by the applicant.

Summarizing:

| | |
|---|---|
| Banquet Hall | 39 spaces |
| Office Space | 12 Spaces |
| Industrial Space | To be Determined. |
| Total | 51 + Spaces for Industrial Uses |

Also, Section 197-33.Q requires that the parking lot be located in the rear yard and no close that 25 feet to any property line. There is also a requirement for a distance of 10 feet from a residential zone but this is a manufacturing zone so that requirement does not come into effect.

For this property, which is rather unique in that it fronts on 2 streets, the requirement of front/rear yard can be decided by the Board. The 25 foot setback requirement will require a variance as the submitted plans do not comply with this requirement.
**COMMENTS: *The applicant has supplied some information with respect to the water bottling use which indicates that there will be 5 employees for this use, raising the total parking requirement to 54 spaces. This information need to be supported by actual testimony at the Board meeting on this application.***

2

### b. Parking Stall Size

The parking stall size shown on the plans is 8'6" by 18 feet and 8'6" by 24 for the most easterly parking line. Section 197-35.G.9 requires that all parking stalls be 9' by 18', which places all spaces below the requirement for parking stall size. Also, Section 197-32.H requires that access lanes be no less than 25 feet. These access lanes are shown as 24 feet on the plans so a variance is also required from this requirement.

*COMMENTS: The easterly and westerly parking lanes have been revised to a 9 foot stall width. However the central parking spaces are still shown as 8'-6". This reduces the number of parking spaces in the lot to 20.*

### c. ADA Requirements

The American With Disabilities Act requires that the handicapped compliant space(s) be located closest to the handicapped accessible entrance. On the plans submitted, this is not the case. In order to comply with this requirement, which may not be done by variance by the Board as this is a federal requirement, the handicapped accessible must be located at the easterly side of the central parking stalls.

*COMMENTS: No Change*

### d. Truck Loading Zone

A loading zone that is a minimum of 12 feet wide, 55 feet long and had 14 feet of overhead clearance, is required. The loading zone shown, on the Grove Street Side, is 15 feet wide[1] but only 45 feet long to the sidewalk. A variance is required for exemption of this requirement.

*COMMENTS: No Change*

### e. Pedestrian Access ( New Comment)

*In reviewing these plans I note that the structure extends the entire width of the site so that any one intending to use the Banquet facility and wishing to park in the parking lot, must walk around the block in order to enter the Banquet as there is no access through the building to parking lot.*

## 2. Stormwater and Drainage

A plan demonstrating compliance with the Township's stormwater plan has not been submitted.

*COMMENTS: No Change*

## 3. Sanitary Sewers

No calculations have been shown to demonstrate the sewer usage for this application. Based on the data to be supplied by the applicant this may require the approval of a Treatment Works Approval from the Municipal Council.

*COMMENTS: No Change*

## 4. Water Supply

It is not clear if there will be adequate water supply available to service these uses. A confirmation of this condition should be obtained from the local water purveyor, New Jersey American Water company.

*COMMENTS: No Change*

---

[1] The dimension is shown as 5 feet on the plan but scales to 15 feet.

3

5. Miscellaneous Site Details

A. The application indicates that the Banquet Hall use will be dispensing liquor. In order to sell or distribute liquor, a liquor license is required. It is unclear form the application whether or not the applicant is pursuing such a license.
COMMENTS: *No Change*

B. In reviewing the plans, I note that the kitchen area does not include any provisions for cooking. A food preparation area is shown as is a sink but not a oven or cooking hood. If it is intended that cooking will be performed on premises, the building department will require plans of the kitchen area as well as a fire suppression system for any stove. Also, I believe that the applicant may also be required to obtain a license from the Health Department.
COMMENTS: *A revised plan for the kitchen area has been supplied. However, as it noted that a stove is provided the applicant may need to have a fire suppression system in the kitchen area, above the stove.*

C. The water bottling operation is a unique application. I do not see any indication on the plans where the water for this operation is to be obtained. Also, if it is municipal supply, there is no indication that the local water purveyor is capable of supplying this demand.
COMMENTS: *No Change*

D. For the bottling and selling of water, a license from the New Jersey Department of Health is required. I do not see where the applicant has indicted where this approval has been sought.
COMMENTS: *No Change*

E. No provision is shown for solid waste or recycling facilities. These facilities must be accessible on the site and screened from public view.
COMMENTS: *The applicant has shown an area for waste disposal in the parking lot area and is indicated as "Garbage Area, Banquet Use". There is no separate provision for recyclables, which is required, nor are there provisions for waste disposal for each of the other uses. In reviewing the plans, as the building extends over the entire site, I do not note a access route from the Banquet use to this area.*

F. Grove Street is a road under the jurisdiction of the County of Essex and approval of the Essex County Planning Board is required prior to the issuance of any building permits.
COMMENTS: *No Change*

Should you any comments and questions with respect to the above, please feel free to contact me.

/jaw

CC: Applicant

/jaw

4