# EXHIBIT D





# JOSEPH D. ROTELLA
## ATTORNEY AT LAW

24 Commerce Street
Suite 1726
Newark, N. J. 07102

Certified Criminal Trial Attorney
Board Certified Criminal Trial Advocate

973-621-0333
Fax 973-621-0080
www.CriminalTrialLawyer.com

October 28, 2021

**Via Email**
Myrna Perez-Drace, A.P./Director
Essex County Prosecutor's Office
50 W. Market Street
Newark, NJ   07102

Re:    State v. Nnanna Okoro
       S-2021-001030-0709   (P#21008872)

Dear Ms. Drace:

The undersigned has been retained to represent Mr. Okoro with regard to the above matter, which is currently scheduled for CJP on 11/29/21, and the defense is requesting that you consider administratively dismissing the charges at this time.

Mr. Okoro is an owner of a business called "G50 Productions" that rents venue space at 141 Coit Street, Irvington, NJ to various individuals and businesses that host events or functions. These functions range from baptisms, wedding receptions, parties, etc.  Some events, such as private parties, provide their own alcohol to be consumed on the premises for which no ABC permit is required.

Other individuals or organizations host parties or celebrations where alcohol is sold.  Under those circumstances, pursuant to the invoice and rental contract between G50 Productions/Nnanna Okoro and that particular organization or individual, it is made abundantly clear that it is the responsibility of the person/organization is renting the premises to obtain and provide the appropriate ABC permits regarding alcohol.

My client does not host, run or supervise the actual event itself, nor does he receive any of the proceeds from the event/function, and he has no control over how the event itself is run.

In the within matter, an Edward L. Lewis rented space from my client, referred to as a loft, for an event to take place on 10/22/21.  A contract/invoice was entered into on 8/26/21 charging Mr. Lewis $1,000.00 for a half-day rental of the premises in question.  Attached as **Exhibit A** is that contract

Page Two

which contains the terms, and specifically indicating that there should be no selling of alcohol without a permit from the New Jersey ABC and that the renter (Mr. Lewis) was responsible for making sure that all New Jersey State/Township of Irvington rules, regulations and ordinances were followed.

Prior to the start of Mr. Lewis' event a co-promoter of his named Dawn provided an email dated 10/19/21 to my client containing two ABC permits. (**Exhibit B**) This person Dawn, based upon my client's experience, helped assist various promoters in obtaining the ABC permits, and she obtained same for the event in question under Permit No. 473392 dated 10/5/21, as well as a permit for another function by a different promotor on 10/24/21.

The 10/24/21 event, which was a celebration of the "Designer Cutz Barbershop 10th Anniversary," as far as my client is concerned, had nothing to do with the Comedy Show event being sponsored by Mr. Lewis. The Designer Cutz Barbershop event was under Permit No. 582595 dated 10/14/21.

In reviewing the permit for the Comedy event in question, my client noted that the hours were only from 6:00 p.m. to 12:00 a.m. He called Dawn to advise her that the rental for the loft would then end at midnight because that was the time set forth in the permit. Dawn then provided my client with a corrected ABC permit showing that the hours of the event were to be from 6:00 p.m. to 1:30 a.m. (**Exhibit C**)

Once again, based upon my client's past experience in renting the venue, the permit that was emailed to him appeared to be a valid bonafide ABC permit, and my client was there on the night of the Comedy event to insure that the function was conducted in the appropriate manner pursuant to the rental agreement. When the police suddenly arrived, my client provided them a copy of the permit that Dawn and Mr. Lewis provided to him. The police actually reviewed same and originally thought the permit was valid. It was not until sometime later that my client was advised by the police that the permit was actually fraudulent after checking with the ABC commission in Trenton.

It should be noted that based upon those allegations, my client canceled the Designer Cutz Barbershop 10th Anniversary event that was to take place on 10/24/21 because Dawn also provided him with the permit for that event, and he was very concerned that it, too, might also be fraudulent.

Attached as **Exhibit D** are two ABC Permits from 2019 for events that were rented at that time. Those two events have nothing to do with the within matter and/or this Mr. Lewis or Dawn. Same are only being provided to show what those valid ABC permits look like. You will note that they are virtually identical to the ABC permits provided by Dawn/Mr. Lewis to my client for the within matter, but which turned out to be fraudulent.

Therefore, under these circumstances, my client had absolutely no reason to suspect or believe that the ABC permit provided to him by Mr. Lewis/Dawn for the 10/22/21 Comedy Show event was fraudulent.

Page Three

Since Mr. Okoro was merely the owner of the venue and rented that space to another individual who ran the event, which individual breached the rental agreement by not having the appropriate valid permits, he should not be held criminally responsible for the event that took place without the proper permits.

My client is a a retired Navy veteran (Naval Corpsman), has no prior involvement in the criminal justice system, and has owned G50 Productions for approximately 6 years, with no issues or complaints with the Township during that entire time.

Based upon the above and the enclosed, we are requesting that your office consider a dismissal of the charges against my client.

Please contact me upon your review of the enclosed so that we may discuss the matter further.

Very truly yours,

JOSEPH D. ROTELLA

JDR/dd
Enc.

cc:    Mr. Okoro