# EXHIBIT M

# ⓓ DAY PITNEY LLP

BOSTON   CONNECTICUT   FLORIDA   NEW JERSEY   NEW YORK   PROVIDENCE   WASHINGTON, DC

**C. JOHN DeSIMONE III**
Attorney at Law

One Jefferson Road
Parsippany, NJ 07054-2891
T: (973) 966-8299 F: (973) 206-6346
cjdesimone@daypitney.com

July 13, 2023

**VIA UPS and E-MAIL**

Mr. Ramon Rivera, Esq.
Township Municipal Building
Room 206
1 Civic Square
Irvington, New Jersey 07111

      Re:    G50 Productions / Nanna Okoro
              1138 Grove Street/141 Coit Street, Irvington, NJ

Dear Mr. Rivera:

This firm represents 141 Coit Street, LLC, the owner of the property located at 1138 Grove Street/141 Coit Street, designated as Block 222, Lot 5 on the Township of Irvington tax map (the "Property"). I write to you to address the injustice being visited upon our client, to attempt to correct the current situation with your help, and to propose a path forward, while preserving our client's business in Irvington as well as the jobs and economic stimulus his business provides to the local community.

On July 1, 2023 at 1:30 A.M., the police arrived at the Property, without proper notice, and issued a summons to Mr. Nnanna Okoro, the registered agent of G50 Productions, Inc., and authorized agent of 141 Coit Street, LLC, for allegedly violating Ordinance Section 253-2 (the "Summons"). The Summons claims that an event was held at the Property without a required license. Subsequently, the Township of Irvington issued a Notice to Cease and Desist by Friday July 14, 2023 for 141 Coit Street dated July 7, 2023 (the "Notice") to Nnanna C. Okoro as registered agent of G50 Productions, Inc. ("G50 Productions"). The Notice requires G50 Productions to cease and desist from "operating an unauthorized, illegal Event Center/Rental Hall in an M-1 District at 1138 Grove Street, AKA 141 Coit Street, Block 222, Lot 5."

The Notice incorrectly characterized that certain resolution of the Zoning Board of Adjustment dated December 2, 2014 (the "2014 Resolution"), a copy of which is enclosed. The Notice states that the 2014 Resolution memorialized the denial of an application for a variance to operate a Banquet Hall at the Property. However, that statement is plainly not accurate. In

115404150

**DAY PITNEY** LLP

Mr. Ramon Rivera
July 13, 2023
Page 2

connection with the 2014 Resolution, the applicant sought use variances to conduct a total of three principal uses at the Property: (i) a water bottling facility; (ii) offices; and (iii) a banquet hall. Notably, Paragraph 7 of the Resolution clearly identifies the required use variances as follows, (1) the Township Zoning Ordinances permit only one (1) primary use and one accessory use per lot (three (3) principal uses were proposed), (2) the proposed office use is not permitted in the M-1 zone, and (3) the proposed water bottling facility is not permitted in either the M-1 or the MUOD-1 zones. **What Paragraph 7 lacks is a statement that the banquet hall is not permitted in the M-1 and/or the MUOD-1 zones. A use variance was not identified as being required for the banquet hall use as it was for the offices and water bottling facility uses.** Moreover, the legality of the banquet hall use was confirmed by the Township's engineer, Mr. John A. Wiggins. In his August 18, 2014 review letter (the "2014 Review Letter"), Mr. Wiggins confirmed in no uncertain terms at paragraph "C" that "…**the banquet is a permitted use in both the M-1 and MUOD-1 zones**," A copy of which is enclosed.

The Notice further goes on to claim that Mr. Okoro contacted the Township's former zoning officer, Mr. Derrick James, who granted approval of the banquet hall, which approval the Notice alleges to be illegal. The Notice states that what Mr. Okoro did and what he accepted is supposedly illegal because a zoning officer cannot overrule the zoning board of adjustment. The problem with this claim, as noted above, is that the Zoning Board never determined that the banquet hall use was not allowed and therefore Mr. James never "overruled" the Board. Based on the clear language of Paragraph 7 of the Resolution and the 2014 Review Letter, Mr. Okoro reasonably believed that the banquet hall use was permitted. It was this information that resulted in Mr. Okoro filing an application for a zoning permit for the banquet hall use. Mr. James shared the opinion of Mr. Wiggins that the banquet hall use is permitted, which is why he approved the permit. Zoning Permit No. Z-128-222-5-2017 was issued on April 28, 2017 to operate an "EVENT CENTER FOR SOCIAL ACTIVITIES" on the Property (the "Zoning Permit"). Additionally, a certificate of continued occupancy was issued on September 20, 2017 (the "CCO"), further indicating to Mr. Okoro that the use was permitted. Moreover, Mr. Okoro has applied for and obtained *annual* "Go-Go, Cabaret, Live Ent." licenses from the Township Department of Revenue and Finance License Bureau (the "Licenses") since 2017, in accordance with the requirements of Township Ordinance Section 253-2, contrary to the alleged violation identified in the Summons.

Mr. Okoro reasonably relied upon the Zoning Permit, CCO and Licenses and has invested over six years of time and money building a business by operating the Property consistent with the Zoning Permit, CCO, and Licenses. This business brings jobs to Irvington. It also causes people to consider hosting their events in Irvington, which is good both for Irvington's image and Irvington's economy.

115404150

**DAY PITNEY** LLP

Mr. Ramon Rivera
July 13, 2023
Page 3

The Notice is the first instance in which Mr. Okoro was formally notified that such use is allegedly not permitted. We have concluded that this is an estoppel case, which will carry the day in court.

Notwithstanding, our client has instructed us to approach you to see if we can reach an understanding in the short term to lift the Notice. To be clear, the effect of the Notice is to upend the lives of those persons and their guests that are already scheduled to hold their events at the Property. The Notice also threatens the livelihood of the employees scheduled to work at those events, as well as our client's financial well-being. This business has been duly permitted and licensed for six years and should be permitted to operate unencumbered by the Notice. In return for the lifting of the Notice, permitting the immediate reopening of the banquet hall, and without prejudice to my client and with no waiver of any of his rights and remedies, my client will pursue a long-term solution for this dispute by filing an application with the appropriate land use board for any needed land use approvals or determinations.

**As my client is suffering damage every day his business is shut down, and as the lives of the customers, their guests and my clients' employees are upended, we request a response from you by no later than July 20, 2023.**

Very truly yours,

C. John DeSimone III

Enc.

115404150