# EXHIBIT N



# ERIC M. BERNSTEIN & ASSOCIATES, L.L.C.

34 MOUNTAIN BLVD., BUILDING A
P.O. BOX 4922
WARREN, NEW JERSEY 07059

ATTORNEYS AT LAW

(732) 805-3360
FACSIMILE (732) 805-3346
www.embalaw.com

July 25, 2023

C. John DeSimone III, Esq.
Day Pitney, LLP
One Jefferson Road
Parisppany, New Jersey 07054-2891

**Via Email and**
**Via Certified Mail**
**Return Receipt Requested**

Re:    G50 Productions / Nanna Okoro (141 Coit Street, LLC)
       1138 Grove Street/141 Coit Street, Irvington, NJ
       Our File No. 3013-1057

Dear Mr. DeSimone:

Please be advised that this office represents the Township of Irvington ("Township") with regards to their land use matters and we have been asked by the Township to respond, on its behalf, to your recent correspondence, dated July 13, 2023, concerning your client, 141 Coit Street, LLC. This is the Township's formal response to same.

Regardless of the claims and arguments that you set forth in your July 13, 2023 correspondence, the fact is that your client has failed to obtain the necessary use variance approval from the Township of Irvington Zoning Board of Adjustment for the banquet hall use, which is not a permitted use within the M-1 or the MUOD-1 zones, as mistakenly referenced by Mr. Wiggins in his August 18, 2014 review letter. As you are probably aware, if you have reviewed the Township's Zoning Code, §650-11(N) clearly notes that "*Any use not specifically permitted in a zoning district established by this chapter is hereby specifically prohibited in that district.*"

§ 650-26(A) lists the following permitted uses in the M-1 District:

(1) Light industry, subject to the provisions of Article IX, such as or similar in nature to:
   (a) Manufacturing of light machinery, such as but not limited to carburetors, small machine parts, sewing machines, cash registers, typewriters, calculators and other office machines.
   (b) Fabrication of metal products, such as but not limited to baby carriages, bicycles and other light vehicles, metal foils (aluminum, gold, etc.), metal furniture, musical instruments, sheet metal products and toys.

(c) Fabrication of paper products, such as but not limited to bags, books, bookbinding, boxes, packaging materials and office supplies.

(d) Fabrication of wood products, such as but not limited to boats, boxes, cabinets and woodworking, furniture and toys.

(e) Other light industry uses, such as but not limited to brush and broom manufacturing, electronics products, glass and glass products, jewelry manufacturing (including polishing), laundering and cleaning establishments, sporting goods manufacturing, storehouses, warehouses and leather goods manufacturing.

(2) Wholesale sales and distribution.

(3) Research and development, subject to provisions of Article IX.

(4) Laboratories, subject to provisions of Article IX.

(5) Business and professional offices.

(6) Municipal buildings and other governmental uses as approved by the Planning Board and Municipal Council.

(7) Temporary buildings as provided in § 650-14A(5).

(8) Off-street parking lots and facilities in accordance with the requirements of Article VIII. [Added 8-10-2010 by Ord. No. MC 3425]

(9) Personal and business service uses (photocopying, Internet cafes, mail: bulk, express and regular). [Added 8-10-2010 by Ord. No. MC 3425]

Based upon a review of the Zoning Code, a banquet hall is not specifically enumerated nor does it in any way, shape or form fall within any of the permitted categories of uses in this Zone.

In addition, it is especially important to point out that while the MUOD-1 Zone permits restaurants and cafes, it does not permit Event/Banquet/Rental Halls. Furthermore, the MUOD-1 is in a Redevelopment Zone. The application that your client previously submitted to the Zoning Board of Adjustment for this Property was submitted only for the M-1 Zone, not the MUOD-1 Zone, so there is no valid argument that exists that the banquet hall use is permitted in the MUOD-1 Zone. Equally important, there is no information whatsoever that your client has been granted redevelopment status by the Township or that he has any redeveloper's agreement as to said property.

As noted in the UEZ Redevelopment Plan to which the MUOD-1 Zone is a part of:

*When submitting a development application, a developer shall indicate whether the overlay zone standards provided in this Plan or the underlying zoning standards will govern review*

*of the application. The standards cannot be combined. The choice of standards cannot be reversed without filing a new application and beginning the review process anew.*

Therefore, even if your client desired to seek the banquet hall use pursuant to the standards under the Redevelopment Plan utilizing the MUOD-1 Zone, they would have to resubmit an application to be heard by the applicable land use board of the Township only when they have met all the requirements necessary to be designated a redeveloper.

Finally, based upon the above Zoning Code standards, it is equally clear that the previous zoning officer, Derrick James, was incorrect in issuing the Zoning Permit back in April 2017 for the banquet hall or event center for social activities as same was still not a permitted use back at that time and is not a permitted use under the Township's Zoning Code today.

Therefore, until such time that your client obtains the appropriate land use approval(s) for the non-permitted use that has been occurring at the subject Property identified above, the operation of said non-permitted use remains in violation of the Township Code and will remain non-operational.

Very truly yours,
ERIC M. BERNSTEIN & ASSOCIATES, L.L.C.

By: _____
        Eric M. Bernstein, Esq.

EMB/dpd

cc: *(Via Email) (Via Regular Mail) (Personal & Confidential):*
Ramon Rivera, Esq., Township Attorney
Kyanna Woolridge, Esq., Planning Director

*N:\Clients\Irvington Township Zoning Board of Adjustment\3013-1057 LETTLetter to J. DeSimone, Esq. in response to correspondence230720.docx*