# JOHN C. UYAMADU LLC
## ATTORNEY AT LAW

John C. Uyamadu [1,2,3,4,5]

Tel: (855) 722-5110
Fax: (800) 630-3816

1. *Certified by the Supreme Court*
   *of N.J. as a Civil Trial Attorney*
2. *Licensed in New Jersey*
3. *Licensed in New York*
4. *Licensed in Connecticut*
5. *Admitted in U.S. District Court*

2 Ridgedale Avenue, Suite 355
Cedar Knolls, NJ 07927

johnu@jculawoffice.com

Our File No.: 24-JCU-0583

November 21, 2025

Magistrate Judge Jessica S. Allen
MLK Federal Building & United States Courthouse
50 Walnut Street
Court Room 2B
Newark, NJ 07102

RE:    G50 Productions, Inc., et al. v. Irvington Township, et al.
       Case No.: 2:25-cv-02347-ES-JSA

Dear Magistrate Judge Allen:

I write to sincerely apologize for missing the scheduled status conference in this matter on Wednesday, November 19, 2025 at 4:00pm. It was an honest mistake. I had an eviction bench trial scheduled on the same date, which usually does not take more than a few hours. So, I planned to conduct the trial in the morning and do the status conference in the afternoon. The trial started in the afternoon, and I notified the trial judge and all parties that I would need to take a break at 4:00pm to call into a conference call in this federal matter, and everyone including the trial judge agreed. We started the trial, and I completely forgot to keep an eye on the clock. So, by the time I remembered, it was 4:30p.m.

I ask the court to forgive my mental error. I will ensure that this does not happen again. A copy of the judgment from the state court trial that I was involved in is attached for reference.

I have taken note of the rescheduled date of November 24, 2025 at 12:30p.m.

Very truly yours,

*/s/ John C. Uyamadu*

John C. Uyamadu

JCU/
Enclosure
cc:    Diana-Marie Laventure (via ECF)

**ORDER PREPARED BY THE COURT**

_____

OLANREWAJ SANYAOLU,

        Plaintiff,

    v.

SAMANTHA GORDON, HINEEF WILSON,

        Defendant (s)

_____

SUPERIOR COURT OF NEW JERSEY
SPECIAL CIVIL PART
ESSEX COUNTY

DOCKET No. ESX LT 016079-25
 RESIDENTIAL NON-PAYMENT

*CIVIL ACTION*

**JUDGMENT FOR POSSESSION
AFTER TRIAL**

This matter having been brought before the court by a complaint by the Plaintiff

Landlord OLANREWAJ SANYAOLU, represented by JOHN C UYAMADU, in an action for

possession of the premises for:  Non-payment of Rent, against Defendant Tenant(s)

SAMANTHA GORDON, HINEEF WILSON, and

The Court having conducted a trial on the issues raised in the complaint; and

The Landlord having produced and the Court having reviewed a copy of the lease and

any required registration statement and found that the Landlord has proven a cause of action for

possession on the basis of non-payment and there is rent due and owing to the Landlord in the

amount of  $4169.00, and a judgment for possession should enter in this case;

**IT IS** on this 19th day of November 2025,

**ORDERED** that a Judgment for Possession is hereby entered for the property at issue in the

Complaint.

<u>/S/ **ALDO J. RUSSO, J.S.C**</u>
Judge, JSC

**NOTE**: Landlords cannot evict tenants themselves; Special Civil Part Officers are the only individuals authorized to evict tenants.  Tenants cannot be evicted on a weekend or legal holiday.

**<u>If the tenant does not voluntarily leave, the steps required for eviction are as follows:</u>**

**Step 1 - Entry of Judgment for Possession.**  When the court enters a judgment for possession, the court is granting the landlord the legal right to possession of the premises.  This may happen if the landlord can prove their case on the day of trial, if the tenant fails to appear and the case is marked as "Default," or if the landlord and tenant agree to the entry of a judgment for possession.

**Step 2 - Issuance of Warrant of Removal.**  Three (3) business days after the judgment for possession is entered, the landlord may ask the court to issue a warrant of removal to a Special Civil Part Officer.  The warrant of removal may not be issued less than three (3) business days after the judgment for possession is entered.  A Special Civil Part Officer is the person who serves (delivers) the warrant of removal on the tenant.

**Step 3 - Service of the Warrant of Removal.**  The warrant of removal must be served by the Special Civil Part Officer on the tenant by delivering or posting the warrant of removal on the door of the rental property.

**Step 4 –Execution of the Warrant of Removal/ Eviction**.  Three (3) business days after the warrant of removal is served, a landlord may request that the Special Civil Part Officer return to the residential rental property a second time to <u>execute the warrant of removal</u> by delivering and posting it on the door of the rental property.  **This is when the eviction (lockout) is completed**.

**Summary -** Adding the days above, a residential tenant cannot be evicted any earlier than eight (8) business days after a judgment for possession has been entered.  In non-payment of rent cases, even after an eviction by a Special Civil Part Officer, a residential tenant may be able to return to stay in the rental property if the tenant pays the landlord all rent due plus proper costs up to three (3) business days after the eviction. (see options below)

**<u>Other options After a Judgment for Possession is entered are as follows</u>**:

    A. **Agreement.**  After a judgment for possession has been entered (Step 1 above), a landlord and tenant can still try to make an agreement to stop an eviction.  If the landlord and the

tenant agree, the agreement should be in writing and a copy of the agreement may be filed with the court.

B. **Paying all Rent Due and Owing.**  By law, a tenant can pay all rent due and owing plus proper costs up to three (3) business days after the eviction (Step 4 above).  The landlord must accept this payment and/or cooperate with a rental assistance program or bona fide charitable organization that has committed to pay the rent.

C. **Asking the Court for Relief**.  A tenant can apply for relief to the Special Civil Part Court up to ten (10) days after the date of the eviction.  To do so, a tenant must file:

(1) An application for orderly removal requesting up to seven (7) more calendar days to move out if there is a good reason;

(2) A motion requesting dismissal with prejudice of the nonpayment of rent action because the residential tenant paid all rent due and owing plus proper costs, or because the landlord refused to accept the residential tenant's payment, within three (3) business days following the eviction; or an order to show cause because the landlord refused to cooperate with a rental assistance program or bona fide charitable organization that has committed to pay the rent;

(3) An Order to Show Cause (a motion for an emergency order) under Court Rule 4:50-1 requesting that the judgment for possession be vacated (reversed) and the complaint dismissed, if the tenant can show good reason such as mistake or excusable neglect, fraud, misrepresentation or other misconduct by an adverse party, newly discovered evidence or any other reason justifying relief from the judgment for possession; and/or

(4) An application for a hardship stay which delays the eviction based on the unavailability of other housing accommodations.  That delay cannot be for more than six (6) months from entry of the judgment for possession, and the tenant will have to pay all rent and proper costs.