**KAUFMAN BORGEEST & RYAN LLP**
Diana-Marie Laventure, Esq.
9 Campus Drive
Parsippany, New Jersey 07054
Telephone No. (973) 451-9600
Facsimile No. (973) 451-0150
dlaventure@kbrlaw.com
*Attorneys for Defendants Township of Irvington, John Sowell, Township of Irvington Police Department, Juan Owens, Shawn Stewart and Ramiro Rodriguez*

UNITED STATES DISTRICT COURT
THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| G50 PRODUCTION, INC., 141 COIT STREET, LLC and CHARLES NNANNA OKORO a/k/a NNANNA OKORO,<br><br>               Plaintiff,<br><br>      v.<br><br>IRVINGTON TOWNSHIP, JOHN SOWELL (Zoning Officer), DERRICK JAMES (Former Zoning Officer), IRVINGTON TOWNSHIP POLICE DEPARTMENT, OFFICER OWENS (Badge #436), OFFICER SHAWN STEWART (Badge #538), OFFICER RAMIRO RODRIGUEZ (Badge #345), JOHN DOES 1-30, JANE DOES 1-30, ABC COMPANY 1-10, XYZ GOVERNMENT AGENCY 1-10,<br><br>               Defendants. | **CASE NUMBER 2:25-cv-02347**<br><br>**ANSWER TO AMENDED COMPLAINT** |

Defendants Township of Irvington, John Sowell, Township of Irvington Police Department, Juan Owens, Shawn Stewart, and Ramiro Rodriguez (hereinafter, "Township Defendants"), through their attorneys, Kaufman Borgeest & Ryan LLP, respond as follows to Plaintiffs' Amended Complaint:

**<u>PRELIMINARY STATEMENT AND FACTUAL ALLEGATIONS</u>**

1. The Township Defendants lack sufficient information and knowledge to admit or deny this allegation. To the extent a response is required, the Township Defendants deny the allegations and leave Plaintiffs to their proofs.

2.      Admitted.

3.      Admitted only that John Wiggins wrote a report on August 18, 2024, that is attached to Plaintiffs' Exhibit A of the Amended Complaint and speaks for itself. The Township Defendants deny the remaining allegations and leave Plaintiffs to their proofs.

4.      Admitted only that John Wiggins wrote a report on August 18, 2024, that is attached to Plaintiff's Exhibit A of the Amended Complaint and speaks for itself. The Township Defendants deny the remaining allegations and leave Plaintiffs to their proofs.

5.      The Township Defendants lack sufficient information and knowledge to admit or deny this allegation. To the extent a response is required, the Township Defendants deny the allegations and leave Plaintiffs to their proofs.

6.      The Township Defendants lack sufficient information and knowledge to admit or deny this allegation. To the extent a response is required, the Township Defendants deny the allegations and leave Plaintiffs to their proofs.

7.      Denied. The Township Defendants deny the allegations and leave Plaintiffs to their proofs.

8.      Denied. The Township Defendants deny the allegations and leave Plaintiffs to their proofs.

9.      Denied. The document speaks for itself. The Township Defendants deny the allegations and leave Plaintiffs to their proofs.

10.     Denied. The document speaks for itself. The Township Defendants deny the allegations and leave Plaintiffs to their proofs.

11.     The Township Defendants lack sufficient information and knowledge to admit or deny this allegation. To the extent a response is required, the Township Defendants deny the allegations and leave Plaintiffs to their proofs.

12.     Denied. The Township Defendants deny the allegations and leave Plaintiffs to their proofs.

13.    The Township Defendants lack sufficient information and knowledge to admit or deny this allegation. To the extent a response is required, the Township Defendants deny the allegations and leave Plaintiffs to their proofs.

14.    The Township Defendants lack sufficient information and knowledge to admit or deny this allegation. To the extent a response is required, the Township Defendants deny the allegations and leave Plaintiffs to their proofs.

15.    The Township Defendants lack sufficient information and knowledge to admit or deny this allegation. To the extent a response is required, the Township Defendants deny the allegations and leave Plaintiffs to their proofs.

16.    This allegation contains a legal conclusion. To the extent a response is required, the Township Defendants deny the allegations and leave Plaintiffs to their proofs.

17.    Denied. The Township Defendants deny the allegations and leave Plaintiffs to their proofs.

18.    Exhibit D speaks for itself. To the extent a response is required, the Township Defendants deny the allegations and leave Plaintiffs to their proofs.

19.    Exhibit E speaks for itself. To the extent a response is required, the Township Defendants deny the allegations and leave Plaintiffs to their proofs.

20.    The Township Defendants lack sufficient information and knowledge to admit or deny this allegation. To the extent a response is required, the Township Defendants deny the allegations and leave Plaintiffs to their proofs.

21.    The Township Defendants lack sufficient information and knowledge to admit or deny this allegation. To the extent a response is required, the Township Defendants deny the allegations and leave Plaintiffs to their proofs.

22.    Exhibit F speaks for itself. To the extent a response is required, the Township Defendants deny the allegations and leave Plaintiffs to their proofs.

3

23.     Exhibit G speaks for itself. To the extent a response is required, the Township Defendants deny the allegations and leave Plaintiffs to their proofs.

24.     Exhibit H speaks for itself. To the extent a response is required, the Township Defendants deny the allegations and leave Plaintiffs to their proofs.

25.     Exhibit I speaks for itself. To the extent a response is required, the Township Defendants deny the allegations and leave Plaintiffs to their proofs.

26.     Admitted only that the Township of Irvington issued a notice regarding Plaintiff's application. The Township Defendants deny the remaining allegations and leave Plaintiffs to their proofs.

27.     Denied. The Township Defendants deny the allegations and leave Plaintiffs to their proofs.

28.     Exhibit J speaks for itself. To the extent a response is required, the Township Defendants deny the allegations and leave Plaintiffs to their proofs.

29.     Admitted only that Officer Owens appeared at the Property on July 1, 2023. The Township Defendants deny the remaining allegations and leave Plaintiffs to their proofs.

30.     Exhibit K speaks for itself. To the extent a response is required, the Township Defendants deny the allegations and leave Plaintiffs to their proofs.

31.     The statements in this paragraph are argumentative. To the extent a response is required, the Township Defendants deny the allegations and leave Plaintiffs to their proofs.

32.     Denied. The Township Defendants deny the allegations and leave Plaintiffs to their proofs.

33.     Denied. The Township Defendants deny the allegations and leave Plaintiffs to their proofs.

34.     Denied. The Township Defendants deny the allegations and leave Plaintiffs to their proofs.

35. Exhibit L speaks for itself. To the extent a response is required, the Township Defendants deny the allegations and leave Plaintiffs to their proofs.

36. Exhibit L speaks for itself. To the extent a response is required, the Township Defendants deny the allegations and leave Plaintiffs to their proofs.

37. Denied. The Township Defendants deny the allegations and leave Plaintiffs to their proofs.

38. Exhibit M speaks for itself. To the extent a response is required, the Township Defendants deny the allegations and leave Plaintiffs to their proofs.

39. Exhibit N speaks for itself. To the extent a response is required, the Township Defendants deny the allegations and leave Plaintiffs to their proofs.

40. Denied. The Township Defendants deny the allegations and leave Plaintiffs to their proofs.

41. The Township Defendants lack sufficient information and knowledge to admit or deny this allegation. To the extent a response is required, the Township Defendants deny the allegations and leave Plaintiffs to their proofs.

42. Exhibit O speaks for itself. To the extent a response is required, the Township Defendants deny the allegations and leave Plaintiffs to their proofs.

43. Exhibits B and P speak for themselves. To the extent a response is required, the Township Defendants deny the allegations and leave Plaintiffs to their proofs.

44. Exhibits O and C speak for themselves. To the extent a response is required, the Township Defendants deny the allegations and leave Plaintiffs to their proofs.

45. Exhibit Q speaks for itself. To the extent a response is required, the Township Defendants deny the allegations and leave Plaintiffs to their proofs.

46. Exhibit R speaks for itself. To the extent a response is required, the Township Defendants deny the allegations and leave Plaintiffs to their proofs.

47.     Exhibit S speaks for itself. To the extent a response is required, the Township Defendants deny the allegations and leave Plaintiffs to their proofs.

48.     Denied. the Township Defendants deny the allegations and leave Plaintiffs to their proofs.

49.     The allegation contains legal conclusions. To the extent a response is required, the Township Defendants deny the allegations and leave Plaintiffs to their proofs.

50.     The allegation contains legal conclusions. To the extent a response is required, the Township Defendants deny the allegations and leave Plaintiffs to their proofs.

51.     Denied. The Township Defendants deny the allegations and leave Plaintiff their proofs.

## VENUE

52.     The allegation contains legal conclusions. To the extent a response is required, the Township Defendants deny the allegations and leave Plaintiffs to their proofs.

53.     The allegation contains legal conclusions. To the extent a response is required, the Township Defendants deny the allegations and leave Plaintiffs to their proofs.

## THE PARTIES

54.     Admitted.

55.     Admitted.

56.     Admitted.

57.     Admitted.

58.     Admitted.

59.     Admitted only that Officer Juan Owens, Officer Shawn Stewart, and Officer Ramiro Rodriguez are Township of Irvington employees. The Township Defendants deny the remaining allegations and leave Plaintiffs to their proofs.

60.     Admitted.

61.    This allegation refers to another defendant. To the extent a response is required, the Township Defendants deny the allegations and leave Plaintiffs to their proofs.

62.    This allegation refers to another defendant. To the extent a response is required, the Township Defendants deny the allegations and leave Plaintiffs to their proofs.

63.    This allegation refers to another defendant. To the extent a response is required, the Township Defendants deny the allegations and leave Plaintiffs to their proofs.

64.    This allegation refers to another defendant. To the extent a response is required, the Township Defendants deny the allegations and leave Plaintiffs to their proofs.

65.    This allegation refers to another defendant. To the extent a response is required, the Township Defendants deny the allegations and leave Plaintiffs to their proofs.

## FIRST COUNT

## DECLARATORY JUDGMENT

Plaintiffs intentionally left this count blank because they withdrew this cause of action; therefore, no response is required.

## SECOND COUNT

## VIOLATION OF PLAINTIFFS' PROCEDURAL DUE PROCESS RIGHTS UNDER THE FIFTH AND FOURTEENTH AMENDMENTS, AND 41 U.S.C. § 1983 BY DEFENDANTS

70.    The Township Defendants repeat and reallege all preceding responses as if fully set forth herein.

71.    The Township Defendants deny the allegation, refer all questions of law to the Court, and leave Plaintiffs to their proofs.

72.    The Township Defendants deny the allegation, refer all questions of law to the Court, and leave Plaintiffs to their proofs.

73.    The Township Defendants deny the allegation, refer all questions of law to the Court, and leave Plaintiffs to their proofs.

74.    The Township Defendants deny the allegation, refer all questions of law to the Court, and leave Plaintiffs to their proofs.

75.    The Township Defendants deny the allegation, refer all questions of law to the Court, and leave Plaintiffs to their proofs.

**WHEREFORE**, The Township Defendants demand judgment dismissing the Amended Complaint with prejudice, and granting them attorneys' fees, costs of suit and such other relief as the Court deems just and proper.

<strong><u>THIRD COUNT</u></strong>

<strong><u>VIOLATION OF PLAINTIFFS' SUBSTANTIVE DUE PROCESS RIGHTS UNDER THE FIFTH AND THE FOURTEENTH AMENDMENTS, AND 42 U.S.C. § 1983 BY DEFENDANTS</u></strong>

76.    The Township Defendants repeat and reallege all preceding responses as if fully set forth herein.

77.    The Township Defendants deny the allegations, refer all questions of law to the Court, and leave Plaintiffs to their proofs.

78.    The Township Defendants deny the allegations, refer all questions of law to the Court, and leave Plaintiffs to their proofs.

79.    The Township Defendants deny the allegations, refer all questions of law to the Court, and leave Plaintiffs to their proofs.

**WHEREFORE**, the Township Defendants demand judgment dismissing the Amended Complaint with prejudice, and granting them attorneys' fees, costs of suit and such other relief as the Court deems just and proper.

<strong><u>FOURTH COUNT</u></strong>

<strong><u>FALSE ARREST UNDER 42 U.S.C. § 1983</u></strong>

Plaintiffs intentionally left this count blank because they withdrew this cause of action; therefore, no response is required.

**FIFTH COUNT**

**MALICIOUS PROSECUTIONS OF PLAINTIFF, NNANA OKORO, IN VIOLATION OF THE FOURTH, FIFTH AND FOURTEENTH AMENDMENT, AND 42 U.S.C. 1983**

86.    The Township Defendants repeat and reallege all preceding responses as if fully set forth herein.

87.    The Township Defendants deny the allegations, refer all questions of law to the Court, and leave Plaintiffs to their proofs.

88.    The Township Defendants deny the allegations, refer all questions of law to the Court, and leave Plaintiffs to their proofs.

89.    The Township Defendants deny the allegations, refer all questions of law to the Court, and leave Plaintiffs to their proofs.

90.    The Township Defendants deny the allegations, refer all questions of law to the Court, and leave Plaintiffs to their proofs.

91.    The Township Defendants deny the allegations, refer all questions of law to the Court, and leave Plaintiffs to their proofs.

92.    The Township Defendants deny the allegations, refer all questions of law to the Court, and leave Plaintiffs to their proofs.

93.    The Township Defendants deny the allegations, refer all questions of law to the Court, and leave Plaintiffs to their proofs.

94.    The Township Defendants deny the allegations, refer all questions of law to the Court, and leave Plaintiffs to their proofs.

95.    The Township Defendants deny the allegations, refer all questions of law to the Court, and leave Plaintiffs to their proofs.

96.    The Township Defendants deny the allegations, refer all questions of law to the Court, and leave Plaintiffs to their proofs.

9

97.     The Township Defendants deny the allegations, refer all questions of law to the Court, and leave Plaintiffs to their proofs.

98.     The Township Defendants deny the allegations, refer all questions of law to the Court, and leave Plaintiffs to their proofs.

99.     The Township Defendants deny the allegations, refer all questions of law to the Court, and leave Plaintiffs to their proofs.

100.     The Township Defendants deny the allegations, refer all questions of law to the Court, and leave Plaintiffs to their proofs.

101.     The Township Defendants deny the allegations, refer all questions of law to the Court, and leave Plaintiffs to their proofs.

**WHEREFORE**, the Township Defendants demand judgment dismissing the Amended Complaint with prejudice, and granting them attorneys' fees, costs of suit and such other relief as the Court deems just and proper.

## SIXTH COUNT

## CONSPIRACY BY DEFENDANTS TO VIOLATE PLAINTIFFS' CIVIL RIGHTS IN VIOLATION OF 42. U.S.C. § 1983

Plaintiffs intentionally left this count blank because the Court dismissed this action without prejudice; therefore, no response is required.

## SEVENTH COUNT

## 42 U.S.C. § 1983 SELECTIVE ENFORCEMENT DENIAL OF EQUAL PROTECTION RIGHTS

117.     The Township Defendants repeat and reallege all preceding responses as if fully set forth herein.

118.     The Township Defendants deny the allegations, refer all questions of law to the Court, and leave Plaintiffs to their proofs.

119.     The Township Defendants deny the allegations, refer all questions of law to the Court, and leave Plaintiffs to their proofs.

10

120.   The Township Defendants deny the allegations, refer all questions of law to the Court, and leave Plaintiffs to their proofs.

**WHEREFORE**, the Township Defendants demand judgment dismissing the Amended Complaint with prejudice, and granting them attorneys' fees, costs of suit and such other relief as the Court deems just and proper.

<u>**EIGHTH COUNT**</u>

<u>**42 U.S.C. § 1983 CLASS-OF-ONE DENIAL OF EQUAL PROTECTION RIGHTS**</u>

121.   The Township Defendants repeat and reallege all preceding responses as if fully set forth herein.

122.   The Township Defendants deny the allegations, refer all questions of law to the Court, and leave Plaintiffs to their proofs.

123.   The Township Defendants deny the allegations, refer all questions of law to the Court, and leave Plaintiffs to their proofs.

124.   The Township Defendants deny the allegations, refer all questions of law to the Court, and leave Plaintiffs to their proofs.

125.   The Township Defendants deny the allegations, refer all questions of law to the Court, and leave Plaintiffs to their proofs.

**WHEREFORE**, the Township Defendants demand judgment dismissing the Amended Complaint with prejudice, and granting them attorneys' fees, costs of suit and such other relief as the Court deems just and proper.

<u>**NINTH COUNT**</u>

<u>**VIOLATION OF THE FIFTH AMENDMENT TAKEN CLAUSE BY DEFENDANTS**</u>

126.   The Township Defendants repeat and reallege all preceding responses as if fully set forth herein.

127.   The Township Defendants deny the allegations, refer all questions of law to the Court, and leave Plaintiffs to their proofs.

128.    The Township Defendants deny the allegations, refer all questions of law to the Court, and leave Plaintiffs to their proofs.

129.    The Township Defendants deny the allegations, refer all questions of law to the Court, and leave Plaintiffs to their proofs.

130.    The Township Defendants deny the allegations, refer all questions of law to the Court, and leave Plaintiffs to their proofs.

131.    The Township Defendants deny the allegations, refer all questions of law to the Court, and leave Plaintiffs to their proofs.

**WHEREFORE**, the Township Defendants demand judgment dismissing the Amended Complaint with prejudice, and granting them attorneys' fees, costs of suit and such other relief as the Court deems just and proper.

## TENTH COUNT

## NJCRA SELECTIVE ENFORCEMENT DENIAL OF EQUAL PROTECTION CLAIM

132.    The Township Defendants repeat and reallege all preceding responses as if fully set forth herein.

133.    The Township Defendants deny the allegations, refer all questions of law to the Court, and leave Plaintiffs to their proofs.

**WHEREFORE**, the Township Defendants demand judgment dismissing the Amended Complaint with prejudice, and granting them attorneys' fees, costs of suit and such other relief as the Court deems just and proper.

## ELEVENTH COUNT

## NJCRA CLASS-OF-ONE DENIAL OF EQUAL PROTECTION CLAIM

134.    The Township Defendants repeat and reallege all preceding responses as if fully set forth herein.

135.    The Township Defendants deny the allegations, refer all questions of law to the Court, and leave Plaintiffs to their proofs.

12

**WHEREFORE**, the Township Defendants demand judgment dismissing the Amended Complaint with prejudice, and granting them attorneys' fees, costs of suit and such other relief as the Court deems just and proper.

## TWELFTH COUNT

### COMMON LAW FALSE ARREST AGAINST ALL DEFENDANTS

Plaintiffs intentionally left this count black because they withdrew this cause of action; therefore, no response is required.

## THIRTEENTH COUNT

### COMMON LAW MALICIOUS PROSECUTION AGAINST ALL DEFENDANTS

Plaintiffs intentionally left this count blank because the Court dismissed it without prejudice; therefore, no response is required.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs failed to state any claim, in whole or in part, upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The Court does not have proper personal jurisdiction over the Township Defendants.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' Amended Complaint fails to establish a prima facie case of deprivation of procedural or substantive due process rights under the 42 U.S.C. 1983 any other state or federal law upon which relief can be granted.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' Amended Complaint fails to establish a prima facie case of malicious prosecution under the 42 U.S.C. 1983 or the Fourth, Fifth, and Fourteenth Amendments or any other state or federal law upon which relief can be granted.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' Amended Complaint fails to establish a prima facie case of deprivation of rights or equal protection rights under the 42 U.S.C. 1983 or the New Jersey Civil Rights Act or any other state or federal law upon which relief can be granted.

## SIXTH AFFIRMATIVE DEFENSE

The Township Defendants did not engage in a per se taking of the Property at issue.

## SEVENTH AFFIRMATIVE DEFENSE

The Township Defendants did not deprive Plaintiffs of all economic beneficial use of the Property.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' takings clause claim is not ripe for judicial review because Plaintiffs failed to seek the proper zoning approval to operate the Property as an event space or banquet hall.

## NINTH AFFIRMATIVE DEFENSE

The Township Defendants did not treat Plaintiff Okoro differently on account of his nationality or other protected trait as compared to other business or property owners in the Township of Irvington.

## TENTH AFFIRMATIVE DEFENSE

The Township Defendants did not intentionally treat Plaintiffs differently from other business or property owners in the Township of Irvington.

## ELEVENTH AFFIRMATIVE DEFENSE

The Township Defendants acted in good faith in believing that they did not violate any law.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' Amended Complaint fails to establish a prima facie case of malicious prosecution under or any other state or federal law upon which relief can be granted.

## THIRTEENTH AFFIRMATIVE DEFENSE

The Township of Irvington Defendants, acting as municipal employees, are entitled to immunity against Plaintiff's claims.

## FOURTEENTH AFFIRMATIVE DEFENSE

The Township Defendants have, at all times, complied and continues to comply with all applicable federal, state, statutes, and regulations.

## FIFTEENTH AFFIRMATIVE DEFENSE

The Township Defendants did not breach any duties allegedly owed to Plaintiffs, including, but not limited to, any duties under common law, statute, regulations, or standards.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to recover any punitive damages, and any allegations in support of a claim for punitive damages should be stricken and any award of punitive damages in this action would violate the Township Defendants' constitutional rights under the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution, and the excessive fines and cruel and unusual punishment clauses of the Eighth Amendment to the United States Constitution, as well as other provisions of the United States Constitution.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs failed to state a claim for the recovery of punitive damages.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs failed to allege any cognizable theory of damages.

## NINETEENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiffs are entitled to any damages, such damages are limited by statute.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiffs' Amended Complaint is barred by the doctrine of estoppel, laches, release, waiver, and/or unclean hands.

15

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs' actions are barred and/or diminished by the applicable statute of limitations.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs' damages, if any, are due solely to Plaintiffs' own wrongful conduct.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred to the extent that she failed to mitigate any alleged damages that they may have suffered.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

The Township Defendants reserve the right to supplement its affirmative defenses at any time before trial in this action.

**WHEREFORE**, The Township Defendants respectfully request that the Court dismiss Plaintiff's Complaint in its entirety, together with an award of reasonable attorneys' fees, costs and disbursements of this action, and such other relief as the Court shall deem just and proper.

## DEMAND FOR JURY TRIAL

Defendant demands a trial by jury on all claims against it.

Respectfully submitted,

KAUFMAN BORGEEST & RYAN LLP

Diana-Marie Laventure
9 Campus Drive, Suite 101
Parsippany, NJ 07054
Telephone No.: (973) 451-9600
Facsimile No.: (973) 451-0150
Email: dmlaventure@kbrlaw.com
*Attorneys for the Township Defendants*

Dated: May 14, 2026
Parsippany, New Jersey

16

## **LOCAL CIV. RULE 11.2 CERTIFICATION**

By signing below, counsel for Defendant affirms that the within matter in controversy is not

the subject of any action pending in any court or any other pending arbitration or administrative

proceeding.

_D. Laventure_

Diana-Marie Laventure

Dated: May 14, 2026
        Parsippany, New Jersey

17

**CERTIFICATION OF SERVICE**

I hereby certify that on this date, I caused a copy of the foregoing Answer to Complaint to be served on the following parties through the ECF/CM system:

John Uyamadu, Esq.
Law Offices of John c. Uyamadu
2 Ridgedale Avenue, Suite 355
Cedar Knolls, NJ 07927
johnu@jculawoffice.onmicrosoft.com
*Attorneys for Plaintiffs*

_____
Diana-Marie Laventure
KAUFMAN BORGEEST & RYAN LLP
9 Campus Drive, Suite 101
Parsippany, NJ 07054
Telephone No.: (973) 451-9600
Facsimile No.: (973) 451-0150
dmlaventure@kbrlaw.com
*Attorneys for the Township Defendants*

Dated: May 14, 2026
        Parsippany, New Jersey

18